UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN MERCER and MICHELLE
MERCER,

                Plaintiffs,

v.

DIANE CSIKY,

                Defendant.
_____/

Case Number 08-11443-BC
Honorable Thomas L. Ludington

**ORDER GRANTING DEFENDANT'S AMENDED MOTION TO SET ASIDE DEFAULT, DIRECTING BRIEFING AND SCHEDULING HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, CANCELING SCHEDULING CONFERENCE, AND RESETTING PRETRIAL DEADLINES AND TRIAL DATE**

This matter originated in Isabella County Circuit Court on May 2, 2007, when Plaintiffs John and Michelle Mercer filed a complaint against Option One Mortgage Corporation ("Option One"). The Mercers filed a first amended complaint just over one year later, on March 7, 2008, adding as defendants H&R Block, Inc., Block Financial Corporation, Option One Owner Trust 2005-2007, Sage Credit Company, and Diane Csiky. Another seven months later, on October 3, 2008, the Mercers filed a second amended complaint [Dkt. #15], adding as defendants Dan Hanley and Avrek Financial Corporation.

The Mercers' claims arise from circumstances under which Option One approved and closed Michelle Mercer's loan application in March 2007, but refused to fund the loan after discovering that bank statements and an accountant's letter submitted in support of the loan application were altered. The fact that altered documents were involved in the transaction is not disputed, but at

various times, the Mercers have maintained either that Option One altered the documents to avoid funding the loan, or that someone other than the Mercers altered the documents before passing them along to Option One, in order to secure approval for the loan. Besides Option One, the Mercers have identified Sage Credit, Avrek Financial, Ms. Csiky, and Mr. Hanley, who were each involved in securing the loan for the Mercers.

In their second amended complaint, the Mercers allege claims of breach of contract against Option One; fraudulent inducement or procurement against all Defendants except Option One Owner Trust; tortious interference with contracts or business expectancies in Colorado and Arizona against all Defendants except Option One Owner Trust and Ms. Csiky; fraud or negligence against Ms. Csiky; and violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, against all Defendants except Option One Owner Trust and Ms. Csiky. The Mercers seek damages in excess of $1.5 million.

On November 19, 2009, the Court granted Option One and H&R Block's motion for summary judgment and dismissed the Mercers' claims against them. *See* [Dkt. # 59]. On December 14, 2009, the Court dismissed without prejudice for failure to serve the Mercers' claims against Block Financial, Option One Owner Trust, Sage Credit, Mr. Hanley, and Avrek Financial. *See* [Dkt. # 63]. Thus, the Mercers only remaining claims are against Ms. Csiky.

Now before the Court is Ms. Csiky's amended motion to set aside the Clerk's entry of default [Dkt. # 72], filed on May 25, 2010. The Mercers filed a response [Dkt. # 73] on May 27, 2010. In an order [Dkt. # 77] dated June 10, 2010, the Court considered whether the Mercers would be prejudiced if the default were to be set aside, whether Ms. Csiky has a meritorious defense, and whether culpable conduct of Ms. Csiky led to the default. Upon consideration of those three primary

factors, the Court concluded that "good cause" existed to set aside the default, *see* Fed. R. Civ. P. 55(c), but that further briefing was necessary to determine the significance of this conclusion.

The Court found that supplemental briefing was necessary to address the fact that a limited amount of prejudice may result to the Mercers because of Ms. Csiky's delay in requesting that the default be set aside, in that it may have become more difficult for the Mercers to secure particular evidence and witnesses for trial. The Court noted that such prejudice may be reduced by requiring Ms. Csiky to pay the reasonable costs related to attempting to secure such evidence and to provide a bond to ensure the payment of such costs. However, the Court concluded that whether such a requirement is justified turns on whether the Clerk's entry of default was effective against Ms. Csiky as to the second amended complaint.

Significantly, the Mercers' request for the Clerk's entry of default [Dkt. # 17] represents that Ms. Csiky was served with "the summons and complaint" on April 8, 2008. Given the date of service, the request necessarily relates to the Mercers' first amended complaint, which is not the operative complaint. The operative complaint, the Mercers' second amended complaint, was not filed until October 3, 2008, and the Mercers never requested a Clerk's entry of default with reference provided to service of it. Indeed, Ms. Csiky filed an answer to the second amended complaint through her former attorney on November 13, 2008. *See* [Dkt. # 25].

Originally, neither Ms. Csiky nor the Mercers advanced legal authority to explain whether the filing of the second amended complaint effectively mooted Ms. Csiky's default as to the first amended complaint. If the filing of the second amended complaint effectively reset Ms. Csiky's time to respond by mooting the Clerk's entry of default, the justification for imposing costs on Ms. Csiky disappears because the Mercers never sought the Clerk's entry of default as to the second

amended complaint.

On June 17, 2010, Ms. Csiky filed a supplemental brief [Dkt. # 79], contending that the Clerk's entry of default is not effective as to the Mercers' second amended complaint. Ms. Csiky notes that many courts have denied motions for default judgments as moot due to the filing of an amended complaint. *See, e.g.*, *United States ex rel. SimplexGrinnel LP v. Aegis Ins. Co.*, No. 1:08-CV-01728, 2009 WL 577286, at *2 (M.D. Pa. 2009) (citing *Rock v. Am. Express Travel Related Servs. Co., Inc.*, No. 1:08-CV-0853, 2008 WL 5382340, at *1 (N.D.N.Y. Dec.17, 2008); *Best W. Int'l., Inc. v. Melbourne Hotel Investors, LLC*, No. CV 06-2276, 2007 WL 2990132, at *1 (D. Ariz. Oct.10, 2007); *Dourlain v. United States*, No. 5:01CV1251, 2003 WL 22753452, at *2 (N.D.N.Y. Sept.26, 2003); *Vanguard Fin. Serv. Corp. v. Johnson*, 736 F.Supp. 832, 835 (N.D. Ill. 1990); *Haamid v. United States*, No. 89-0780, 1990 WL 210610, at *1 (E.D. Pa. Dec.18, 1990); *Nelson v. Nationwide Mortgage. Corp.*, 659 F.Supp. 611, 615 (D.D.C. 1987)).

Indeed, it is not apparent that the Mercers could obtain a default judgment against Ms. Csiky based upon a default that was entered as to a complaint that has been rendered a "nullity." *See Drake v. City of Detroit*, 26 F. App'x 444, 448 (6th Cir. 2008) (noting that "an amended complaint supercedes all prior complaints") (citations omitted); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (concluding that allegations in an earlier complaint did not provide fair notice of a claim that plaintiff contended was raised in an amended complaint); *B & H Medical LLC v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990)) (stating that "[a] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies" and that "[o]nce an amended pleading is interposed, the original pleading no longer performs any

function in the case"). *See also Saint-Gobain Autover USA, Inc. v. Fuyao Glass Indus. Group Co.*, No. 05-71079, 2005 WL 3454402, at *2 (E.D. Mich. Dec. 16, 2005) (noting that "there appears to be no prejudice to Plaintiff in setting aside the entry of default, particularly because the default was entered on a Complaint which is now a nullity because it was later amended").

In turn, the Mercers filed a supplemental brief [Dkt. # 80], in which they do not dispute the basic proposition that the second amended complaint supersedes the prior complaints. However, the Mercers suggest that the Court's September 26, 2008 order [Dkt. # 14] pursuant to a status conference prevents a conclusion that the Clerk's entry of default is not effective as to the second amended complaint. The September 26, 2008 order established a deadline of October 3, 2008 for the Mercers to file a second amended complaint. It also established a deadline of October 10, 2008 for the Mercers to request a default against Ms. Csiky, or else be required to show cause why their claims against Ms. Csiky should not be dismissed. Thus, the Mercers assert that if the request for entry of default against Ms. Csiky is not effective as to the second amended complaint, one part of the Court's order would be rendered moot by another part. The Mercers contend that this is an unacceptable result.

Unfortunately, neither the Mercers' current counsel, nor Ms. Csiky's current counsel were present at the status conference, and it may not be entirely apparent to them that the order served the limited purpose of ensuring that the case move forward in a timely manner. At the status conference, counsel for Option One and H&R Block indicated that they would not oppose the filing of a second amended complaint by the Mercers' most recently retained attorney, but wished to limit further delay. As prior orders have noted, counsel for Option One and H&R Block expressed concern regarding previous delays in conducting discovery and delay caused by the withdrawal of

the Mercers' original attorney. Thus, the order was simply meant to establish two deadlines – one for the filing of a second amended complaint, and one for the Mercers to seek a default against Ms. Csiky. In the event that the Mercers decided to forego the opportunity to file a second amended complaint, the deadline for requesting a default against Ms. Csiky would ensure that the case continued to move forward, and would clarify the universe of defendants to the litigation. This order has no effect on whether the Clerk's entry of default as to the first amended complaint is effective as to the second amended complaint.

In addition, the Mercers reiterate their argument that Ms. Csiky had actual notice of the Mercers' request for entry of default, the entry of default, and the filing of the second amended complaint. Yet, as noted in the prior order, no certificate of service is included in the request for entry of default [Dkt. # 17] or the second amended complaint [Dkt. # 15] on the public docket sheet. Also, the Clerk of the Court would not have provided electronic notice to Ms. Csiky or her former counsel with respect to the request for entry of default, the entry of default, or the second amended complaint, because Ms. Csiky had not yet appeared in the case. Indeed, the electronic receipts for those documents, available on the public docket, demonstrate that the Clerk only provided electronic notice to the Mercers' former counsel and counsel for Option One and H&R Block. *See* Receipts for [Dkt. # 15, 17, 20]. The same is true of the Court's September 26, 2008, order pursuant to status conference. *See* Receipts for [Dkt. # 14].

Finally, the Mercers take issue with the recitation in the prior order that correspondence between the Mercers' former counsel and Ms. Csiky's former counsel suggested that the attorneys "had made informal arrangements to extend Ms. Csiky's time to respond to the first amended complaint for an undefined period of time." The Mercers provide correspondence dated September

25, 2008, which indicates that, in light of the status conference held that day, the Mercers requested that Ms. Csiky file her answer by October 6, 2008, or else they would request a default against her. Thus, as of September 25, 2008, the time for Ms. Csiky to answer the complaint was no longer "undefined." This fact does not materially change the prior analysis of Ms. Csiky's culpability for entry of the default, particularly given that the second amended complaint was filed on October 3, 2008, mooting the necessity of an answer to the first amended complaint.

Based on the above, the Clerk's entry of default against Ms. Csiky will be set aside as moot and Ms. Csiky will not be required to pay the Mercers' costs of obtaining additional evidence to pursue their claims against Ms. Csiky. Additionally, at a status conference held on June 22, 2010, counsel for the Mercers and counsel for Ms. Csiky agreed that the most expedient way to proceed is for the Court to resolve Ms. Csiky's pending motion for summary judgment before the case proceeds to trial. Thus, the motion will be scheduled for hearing prior to trial.

Accordingly, it is **ORDERED** that Ms. Csiky's amended motion to set aside default [Dkt. # 72] is **GRANTED** and the Clerk's entry of default [Dkt. # 20] entered on October 14, 2008, is effectively **SET ASIDE AS MOOT**.

It is further **ORDERED** that the Mercers are **GRANTED** up to and including **July 22, 2010** to file a response to Defendant's motion for summary judgment [Dkt. # 75]. Any reply shall be filed in accordance with the local rules.

It is further **ORDERED** that a hearing on Ms. Csiky's motion for summary judgment [Dkt. # 75] is **SCHEDULED** for **September 9, 2010 at 3:00 p.m.**

It is further **ORDERED** that the scheduling conference set for July 8, 2010, is **CANCELED**.

It is further **ORDERED** that the case management and scheduling order is **AMENDED** as

follows:

1. Deadline for motions in limine: October 25, 2010
2. Joint final pre-trial order & draft joint jury instructions: November 15, 2010
3. Final pre-trial conference: November 22, 2010 at 2:30 p.m.
4. Trial: December 7, 2010 at 8:30 a.m.

The remainder of the case management and scheduling order remains in full force and effect.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 30, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 30, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS